IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-0443-WJM-MJW

PAUL HO, INVESTMENTS, LLC.

      Plaintiff,

v.

BURNS & WILCOX, LTD., and
UNDERWRITERS AT LLOYDS, LONDON

      Defendants.

---

**ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE AND
DISMISSING CASE WITHOUT PREJUDICE**

---

On February 21, 2012, Plaintiff Paul Ho Investments, LLC initiated this action by filing a Complaint.  (ECF No. 1.)  Exercising its independent duty to examine its subject matter jurisdiction, *see Phelps v. Hamilton*, 122 F.3d 1309, 1315-16 (10th Cir. 1997), the Court entered an Order to Show Cause requiring Plaintiff to: (1) file a listing of all officers and members of Paul Ho, Investments, LLC, verified by affidavit or declaration; and (2) file a verified listing of the domicile and state citizenship of all officers and members of Paul Ho, Investments, LLC.  (ECF No. 4.)  Plaintiff's response to the Order to Show Cause was due March 14, 2012.  (*Id.*)

On March 8, 2012, Plaintiff filed an Amended Complaint.  (ECF No. 5.)  The Amended Complaint stated that it was filed "in response to the Court's directive for more information regarding diversity of the parties."  (*Id*. at 1.)  Attached to the

Amended Complaint were exhibits that purported to show that Plaintiff was a Colorado limited liability corporation and that Defendants were foreign corporations not headquartered in Colorado.  (ECF No. 5-1, 5-2, 5-3, and 6.)  Notably, the Amended Complaint contained no factual allegations regarding the members of Paul Ho, LLC and/or their residency.

As the party invoking federal court jurisdiction, Plaintiff bears the burden of showing that this Court has subject matter jurisdiction.  *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).  Plaintiff's Amended Complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  (ECF No. 5 ¶ 6.) However, the Court finds that Plaintiff has not provided sufficient information to meet its burden of showing that complete diversity exists.  As the Court stated in its Order to Show Cause, in evaluating subject matter jurisdiction, it must consider the citizenship of all members of a limited liability corporation.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  The Court specifically ordered Plaintiff to file a listing of all officers and members, verified by affidavit or declaration of someone with personal knowledge of same.  (ECF No. 4.)

Plaintiff utterly failed to comply with this order.  Indeed, Plaintiff did not file a response to the Order to Show Cause at all.  To the extent that the Court construes the Amended Complaint as a response to the Order to Show Cause, it is woefully deficient as there is no listing of the members or the officers of Paul Ho, Investments, LLC.

(ECF Nos. 5 & 6.)  Additionally, the Amended Complaint is not verified or otherwise sworn under penalty of perjury.  (*Id.*)  As such, it does not satisfy the Court's Order to Show Cause.

Pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *see also United States v. Bustillos*, 31 F.3d 931, 933 (10 Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

The Court notes that Plaintiff was specifically warned that this action would be dismissed if it failed to respond to the Court's Order to Show Cause: "Accordingly, Plaintiff is ORDERED TO SHOW CAUSE by March 14, 2012 as to why the Court should not dismiss this action *sua sponte* based on Plaintiff's failure to allege sufficient facts to show that the Court has diversity jurisdiction over this matter."  (ECF No. 4.) Plaintiff failed to respond to the Court's Order or otherwise provide the information requested.  On the current record, the Court finds that Plaintiff has failed to overcome the presumption against jurisdiction in this case.  Accordingly, the Court's Order to

Show Cause is MADE ABSOLUTE and the above-captioned action is DISMISSED

WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Federal Rule

of Civil Procedure 12(h)(3).

Dated this 20th day of March 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge